UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X

ANTOINE SHARPE,

           Petitioner,

         - against -

UNITED STATES OF AMERICA,

           Respondent.

------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 31 2012 ★
BROOKLYN OFFICE

Not for Print or Electronic Publication

**MEMORANDUM AND ORDER**

12 CV 2687 (ARR)

ROSS, UNITED STATES DISTRICT JUDGE:

    Petitioner, Antoine Sharpe ("petitioner" or "Sharpe"), moves pro se to vacate his conviction pursuant to 18 U.S.C. § 2255. On June 10, 2010, he was convicted upon guilty plea of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced principally to 57 months' imprisonment, and the Second Circuit affirmed his conviction and sentence on May 27, 2011. United States v. Sharpe, 423 Fed. Appx. 70 (2d Cir. 2011). Because the factual and procedural background of Sharpe's case are adequately and accurately set forth in the Government's Memorandum of Law in Opposition to the Motion (Dkt. #7), at pages 3 to 6, I find no need to repeat them here.

    Sharpe asserts four grounds for habeas relief. Specifically, he claims (1) that I erred at sentence by counting a New York "youthful offender" adjudication as one of two convictions in determining his base offense level under U.S.S.G. § 2K1.3 (a)(1) (formerly § 2K2.1 (a)(2)); (2) that his conviction violated due process because the government failed to adduce proof that the gun he possessed qualified as a "firearm" as defined by 18 U.S.C. § 921(a)(3); (3) that the

1

government similarly failed to prove that he *knowingly* possessed a firearm that met that statutory definition; and (4) that his counsel was ineffective in failing to raise before me or on appeal each of the preceding three claims. Because his claims are procedurally barred and/or meritless, his petition is denied.

## DISCUSSION

### I. Petitioner's First Three Claims Are Procedurally Barred and Meritless

Although Sharpe appealed his conviction to the Second Circuit, pursuing a claim that the government breached the plea agreement and advancing two attacks upon his sentence, he failed to raise on appeal either his current complaint concerning the calculation of his advisory Sentencing Guideline or his two claims apparently attacking the sufficiency of the government's proof regarding the condition of the firearm he admitted possessing. Thus, having failed to present for direct review the first three grounds asserted in his § 2255 petition, he is procedurally barred from raising them to collaterally challenge his conviction. Yick Man Mui v. United States, 614 F.3d 50, 53-53(2d Cir. 2010). Nor can he successfully circumvent this procedural bar. Although there exist exceptions to the bar if the defendant establishes either cause for the procedural default and prejudice or actual innocence, see Bousley v. United States, 523 U.S. 614, 622 (1998), they are of no avail to Sharpe. Sharpe's claims of ineffective assistance of counsel cannot establish cause because, as explained below, the only defects he asserts in counsel's performance are without merit. Nor is there any showing of actual – that is, factual – innocence. At most, Sharpe has raised claims of legal insufficiency, which cannot establish factual innocence. Id. at 623. In any event, each of the three claims is without merit.

2

### A. Sharpe's Base Offense Level Was Correctly Calculated

Sharpe complains that I erred at sentence by counting his New York youthful offender adjudication for a 2005 robbery conviction as one of two predicate felony convictions for crimes of violence for the purpose of calculating a base offense level of 24 under then U.S.S.G. § 2K2.1(a)(2). The Second Circuit has held, however, that:

> determining whether a New York youthful offender adjudication is "classified as an adult conviction under the laws of" New York for the purpose of U.S.S.G. § 2K2.1 requires "district court[s] to examine the substance of the prior conviction at issue; to focus on the nature of the proceedings, the sentences received, and the actual time served."

United States v. Cuello, 357 F.3d 162, 168-69 (2d Cir. 2004) (quoting United States v Driskell, 277 F.3d 150, 157 (2d Cir. 2004) (internal quotation marks omitted)). In Cuello, the Second Circuit found that where the defendant was tried and convicted in an adult forum before his conviction was converted to a youthful offender adjudication, and where the defendant served his sentence in an adult prison, it was correct to apply "section 2K2.1 to count his youthful offender adjudication as an adult conviction, which, along with defendant's second prior conviction, warranted a base offense level of 24 under section 2K2.,(a)(2)." Id. at 169. Similarly, here, Sharpe was convicted in an adult forum, the Supreme Court of New York County, of a felony offense under New York law, attempted robbery in the second degree. Upon revocation of the probationary sentence imposed on him when he was granted youthful offender status, he was resentenced to one year custody, to run concurrently with another, two-year custodial term to which he had been sentenced for commission of a subsequent New York felony, and he served both terms of incarceration in an adult prison. Under Cuello, Sharpe's youthful offender

3

adjudication was properly considered in calculating his base offense level under §2K2.1.

### B. Sharpe's Knowing and Voluntary Guilty Plea Admitted All Elements of the Offense

Sharpe's second and third claims in support of his habeas petition appear to assume, incorrectly, that he was convicted after trial rather than upon a plea of guilty. They consist of a claim of insufficiency of the government's proof that the firearm he admitted possessing was "designed to ... expel a projectile by the action of an explosive" or "may readily be converted" to do so, within the meaning of the definition of a "firearm" set forth in 18 U.S.C. § 921(a)(3); and a claim of insufficiency of the government's proof that Sharpe *knew of* those qualities rendering the gun he possessed a "firearm" within the statutory definition. Because Sharpe chose to forego his right to a trial and instead entered an intelligent and voluntary plea of guilty to the charge, his claims are meritless.

"It is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge" and "waives all challenges to the prosecution except those going to the court's jurisdiction." Hayle v. United States, 815 F.2d 879, 881 (2d Cir. 1987) (citations omitted). "Thus, after a judgment of conviction has been entered upon the defendant's plea of guilty, the defendant may not raise non-jurisdictional challenges either on direct appeal ... or by collateral attack." Id. (citations omitted). The allegation of a jurisdictional defect must "go the court's power to entertain the prosecution," not to "the government's ability to prove its case." Id. at 882 "If the indictment alleges all of the statutory elements of a federal offense and the defendant's contention is that in fact certain of those elements are lacking, the challenge goes to the merits of the prosecution, not to the jurisdiction of the court to entertain the case or to punish the defendant

4

if all of the alleged elements are proven." Id.

Sharpe's contentions here are not jurisdictional; they go directly to the merits of the case. He faults the government's *failure of proof* (1) that the firearm he possessed had the characteristics of a firearm within the applicable statutory definition, and (2) that he was aware of those characteristics. Yet he entered a indisputably voluntary and knowing guilty plea to a proper indictment charging him with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). During his allocution, after acknowledging that he had knowingly and intentionally possessed a firearm at a time when he had previously been convicted of a felony, Sharpe reiterated that he had "possessed a firearm" and "knew" at the time that what he possessed was a "gun." Where, as here, defendant has elected to plead guilty, a court cannot and will not "entertain a challenge to the sufficiency of the evidence." United States v. Maher, 108 F.3d 1513, 1529 (2d Cir(1997). The question of whether the gun Sharpe knowingly possessed could have "readily be[en] converted" to "expel a projectile by the action of an explosive" would have been a factual issue to resolve at trial, had Sharpe chosen that route. But "[s]uch factual issues do not go to the court's jurisdiction to try the case, and [Sharpe's] plea of guilty admitted the assertions of the indictment." Hayle 815 F.2d at 882. "Accordingly, his plea waived any contention that the government would be unable to prove" that the firearm he possessed did not meet the governing statutory definition of firearm. Id.

## II. Sharpe Cannot Prove that Counsel Was Ineffective

As noted, Sharpe's only claims of ineffective assistance of counsel arise from counsel's failure to advance the arguments Sharpe makes in his first three habeas claims. As discussed above, however, each of those claims is meritless.

5

## CONCLUSION

As set forth above, Sharpe's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is denied in its entirety. Furthermore, because Sharpe has not made a "substantial showing of the denial of a constitutional right" pursuant to 29 U.S.C. § 2253(c)(3), no Certificate of Appealability will issue. Sharpe may seek such a certificate from the Second Circuit Court of Appeals. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: Brooklyn, New York
       August 31, 2012

                                        S/Judge Ross
                                        _____
                                        Allyne R. Ross
                                        United States District Judge

COPIES MAILED TO:

Antoine Sharpe
#77299-053
F.C.I. Fairton BR
P.O. Box 420
Fairton, NJ 08320


David Woll
Assistant U.S. Attorney
EDNY
271 Cadman Plaza East
Brooklyn, NY 11201